UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MATTHEW E. ORSO and**
**NATIONWIDE JUDGMENT**
**RECOVERY, INC.,**

       **Plaintiffs,**

v.                                                  **Case No: 6:21-mc-74-CEM-DCI**

**CHRIS SANNELLA,**

       **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Motion to Substitute Party (Doc. 14)
>
> **FILED:** October 10, 2022
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

In other related cases, the Court denied Nationwide Judgment Recovery, Inc.'s motions for final judgment without prejudice because Nationwide presented no evidence showing that it was an assignee of the receiver. As such, the Court ordered that Nationwide be struck as a plaintiff in some related cases, again, because there was no evidence of any assignment.

In this case, Nationwide has moved for Substitution of Plaintiff. Doc. 14 (the Motion). Nationwide asserts, and provides evidence showing, that it is an assignee of Matthew Orso (Orso); Orso having succeeded Kenneth D. Bell (Bell) in Bell's capacity as court-appointed receiver for

Rex Venture Group, LLC. *Id.* Nationwide seeks to substitute itself as the named plaintiff in this matter. *Id.* Upon consideration, the Motion is due to be granted.

**I.  Motion for Substitution**

The purpose of Rule 25(c) "is to ensure that after litigation commences, the Court, at its discretion, can proceed in an efficient manner with the real parties in interest." *Tesseron, Ltd. v. Oce N.V.*, 110 F. Supp. 3d 1255, 1257 (M.D. Fla. 2015). "Substitution under Rule 25(c) is purely a matter of convenience, and regardless of whether substitution is ordered, the respective substantive rights of the transferor or the transferee are not affected." *Barker v. Jackson Nat. Life Ins. Co.*, 163 F.R.D. 364, 365 (N.D. Fla. 1995). Substitution under Rule 25(c) is committed to the discretion of the court. *See id.* at 366. Indeed, "[a] court may within its discretion permit the substitution of the parties pursuant to Rule 25(c) of the Federal Rules of Civil Procedure even after judgment is entered where substitution is necessary for enforcement of the judgment." *Regions Bank v. Pjsf&T Property Acquisitions, Inc.*, 2016 WL 3748714 at *2 (M.D. Fla. June 14, 2016) (citing *Vision Bank v. Algernon Land Co., LLC*, 2012 WL 827011, at *2 (S.D. Ala. Mar. 12, 2012)).

Here, Bell obtained final judgments in a class action case against Defendant and others. Doc. 1. Nationwide argues, and the Court agrees, that since Orso succeeded Bell, and Orso made a complete transfer of interest to Nationwide in the judgment against Defendant, Nationwide is the appropriate Plaintiff; thus, the requested substitution is appropriate.

**a.  Service of a Motion to Substitute**

Federal Rule of Civil Procedure 25 states "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3)." Service according to Rule 25(a)(3) requires that a "motion to substitute, together

with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4."

Nationwide asserts that Motion was served on Defendant and Garnishees. Doc. 14 at 7. Therefore, the Court finds that the Motion was properly served in accordance with Rule 25.

### b. Evidentiary Hearing Not Required

There is a "strict requirement" that a Rule 25(c) motion be validly served. *Sas v. Serden Techs., Inc.*, 2013 WL 12086638, at *4 (S.D. Fla. Dec. 3, 2013) (citing *Trustees of Chicago Reg'l Council of Carpenters Pension Fund v. Conforti Constr. Co., Inc.*, 2013 WL 3771415, at *1 (N.D. Ill. July 17, 2013)). However, it is the non-moving party's "responsibility to request an evidentiary hearing." *Sullivan v. Running Waters Irrigation, Inc.*, 739 F.3d 354, 359 (7th Cir. 2014).[1] The Court may decide a Rule 25 motion without an evidentiary hearing if the Court determines a hearing is not necessary. 7C Wright & Miller, Federal Practice and Procedure § 1958 (3d ed.). Additionally, in other related cases Nationwide filed a Notice of Supplemental Authority wherein it cited five recent orders from this District dealing with the same issue—all were granted without an evidentiary hearing.

Defendant has not filed a response to the Motion, so the Court deems the Motion unopposed. Local Rule 3.01(c). As such, there is no dispute that substitution is proper or that there is any genuine issue of material fact, and the Court finds that an evidentiary hearing is not warranted in this case.

---

[1] The Court finds the reasoning in *Sullivan* on this issue persuasive, and there does not appear to be any Eleventh Circuit authority on this issue. 739 F.3d at 358–359 (7th Cir. 2014). The Court also finds the cases cited in Nationwide's Notice of Supplemental Authority persuasive.

### II.    Conclusion

A court in this district recently found that the "miscellaneous matter and the issuance of the writs of garnishment are a continuation of the original litigation that produced the judgment. Thus, under Rule 25(c), the litigation may be continued by [Nationwide] (the party in interest) and against [Defendant] (the original party)." *Bell v. Woods*, 2022 WL 428440, at *3 (M.D. Fla. Jan. 7, 2022), *report and recommendation adopted*, 2022 WL 425719 (M.D. Fla. Feb. 11, 2022).

Here, a review of the evidence Nationwide has submitted (Docs. 14, 14-1) leaves no doubt that Nationwide is the proper party in interest, and therefore Nationwide should be substituted as plaintiff in this action.

Accordingly, it is **ORDERED** that Nationwide's Motion for Substitution of Plaintiff (Doc. 14) is **GRANTED**.[2]

**ORDERED** in Orlando, Florida on October 26, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[2] As Nationwide is already a named Plaintiff in this matter, no action is required vis-à-vis amending the case caption.